EMMA MAHN, Respondent, v. GEORGE MAHN, Appellant.

**St. Louis Court of Appeals, November 12, 1895.**

1. **Divorce**: EFFECT OF DISMISSAL OF MAIN ACTION ON CROSS BILL. The dismissal of an action for a divorce by the plaintiff will not affect a cross bill filed by the defendant therein.

2. ———: ALIMONY: CONFLICT OF JURISDICTION. When a husband and wife sue each other for a divorce in different courts, the court which has first acquired jurisdiction has alone the power to award alimony; nor will the fact, that such court is in vacation, warrant the allowance of alimony until the commencement of its next term by the other court.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED.

*Dinning & Byrns* and *Thomas & Bean* for appellant.

*R. P. Williams* for respondent.

BIGGS, J.—The plaintiff and defendant are husband and wife. On the twenty-fifth day of May, 1895, the plaintiff instituted her action for divorce in the circuit court of the city of St. Louis. On the eighth day of June she made an application to the court for

an allowance of alimony *pendente lite*.  Against the allowance the defendant interposed the plea that, prior to the institution of plaintiff's suit, there was pending and undetermined a like action between the same parties in the circuit court of Jefferson county, wherein the defendant here was seeking to obtain a divorce. On the hearing of the application the defendant's plea was fully sustained by the evidence.  Concerning this there is no dispute.  The facts disclosed are these: On the twentieth of April, 1895, the plaintiff brought her action for divorce in the circuit court of Jefferson county, where both parties then lived.  At the May term she was allowed temporary alimony.  During the same term the defendant filed his answer, which contained a general denial and a cross bill, in which the defendant as a ground of divorce in his favor charged his wife with adultery.  After this answer was filed, but prior to the institution of the present suit, the plaintiff dismissed her action, and her allowance for temporary alimony was thereupon set aside.  She subsequently filed a reply to the cross bill, denying the charges made against her.  The circuit court on the present application adjudged alimony at the rate of $50 per month until the second Monday in September, 1895.  From that order the defendant has appealed.

It was the opinion of the trial judge, as indicated by his memorandum, that, as the plaintiff's right to a divorce was not necessarily and directly involved in the suit pending in the circuit court of Jefferson county, it was proper to hold her case in abeyance as it were, until defendant's suit was finally determined. In this the circuit court may have been right.  If the defendant is entitled to a divorce and the circuit court of Jefferson county so holds, then clearly the plaintiff's suit must be dismissed.  But on the other hand if the defendant should fail, then the plaintiff's action might

be proceeded with. But the trial judge held, further, that, as the circuit court of Jefferson county was not then in session, he had the right in the action pending before him to adjudge temporary alimony until the former court convened in regular session, to wit, the second Monday in September following. Was he right in this, is the only question.

The jurisdiction to grant alimony *pendente lite* is purely statutory, and is an incident to an action for divorce, or some other independent action prosecuted by the wife against the husband. Hence, in awarding temporary alimony in divorce cases, circuit courts possess no equitable or discretionary powers whatever. *Bowman v. Worthington*, 24 Ark. 522. It is conceded that the defendant's cross bill was not affected by the dismissal of the main suit, and that the circuit court of Jefferson county first acquired the jurisdiction to grant the plaintiff alimony, for, under section 4505, Revised Statutes, 1889, the wife, whether she be plaintiff or defendant, is entitled to an allowance for sustenance during the pendency of the suit. Such jurisdiction being conceded, the circuit court of the city of St. Louis had no right to interfere, unless there was some statute providing for the interference. *Mail v. Maxwell*, 107 Ill. 554. The established rule of judicial procedure is that no court should suffer itself to take cognizance of a cause or subject, over which some other court has acquired a lawful jurisdiction. This is necessary to the harmonious movements of courts. It was probably somewhat of an inconvenience for the plaintiff to wait for the sitting of the Jefferson county circuit court. It compelled her in the interim to live on the credit of her husband, but there is nothing in the statute which authorizes the circuit court of the city of St. Louis to relieve her of that inconvenience or embarrassment.

We, therefore, conclude that the order of the circuit court appealed from must be reversed. All the judges concur.