FIENE et al., Appellants, v. KIRCHOFF et al.

### Division One, July 2, 1903.

1. **Res Adjudicata**: JUDGMENT OF CIRCUIT COURT: CONSTRUCTION OF DEED. Where a deed has undergone judicial interpretation in the circuit court, in a case in which the rights thereunder of the parties to the suit in hand were determined, and to which they were parties, that adjudication is binding on them and their privies, and they are not in a position to contend that that adjudication was error.

2. ———: ———: ———: MINORS AS DEFENDANTS. And the fact that the plaintiffs in the subsequent suit were minors when their rights under the deed were determined by the circuit court in the former suit, and they therein defended, after being personally served, by a guardian *ad litem*, does not affect the finality of that decree.

3. ———: ———: ———: FATHER AND CHILDREN. Where the decree of the circuit court determined, in a suit brought against a father and his wife and their children, by a mortgagee to foreclose his lien, that the deed under which the defendants claimed title vested the entire fee simple title in the wife, and gave the children nothing, the children can not, after the death of the wife, maintain a suit against their father who has become a subsequent grantee of the purchaser at the foreclosure sale under the mortgage, to have the deed construed to mean that they were by it created cotenants of their mother. The father and children in that suit must of necessity have been adversary parties, and that relation is not altered by the fact that they were all defendants in that suit, whereas in the one at bar the children are plaintiffs and he defendant.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Alexander Graves* and *John Melborn* for appellants.

(1)    The effect of the deed was to constitute Mary and the children tenants in common, each of the undivided one-sixth of the land.    Allen v. Claybrook, 58

Mo. 126; Hamilton v. Pitcher, 53 Mo. 334; Powell v. Powell, 96 Am. Dec. 372; s. c., 5 Bush (Ky.) 619; McNair v. Craig, 36 S. C. 100; Wallace v. Craig, 27 S. C. 514; Waddell v. Waddell, 99 Mo. 345; Cross v. Hock, 149 Mo. 341; Hunter v. Patterson, 142 Mo. 320; Donnan v. Intelligencer, 70 Mo. 174; Budd v. Brooke, 43 Am. Dec. 338; Berry v. Billings, 69 Am. Dec. 107.   (2) The deed conveyed to Mary a dry trust which the statute of uses immediately executed in her, vesting the legal and equitable title in the "children."   Pugh v. Hays, 113 Mo. 431; Walton v. Ketchum, 147 Mo. 217; McNair v. Craig, 36 S. C. 100; Wallace v. Craig, 27 S. C. 514; 1 Perry on Trusts (2 Ed.), pp. 4-5, sec. 6; Lane v. Ewing, 31 Mo. 75; Leeper v. Taylor, 111 Mo. 324.   (3)   On the face of the decree the question whether Mary owned one-sixth and the children five-sixths undivided interest, was never directly adjudicated.   To be *res judicata* a decision must have been made "directly upon the point" of their interest, and further it must have been made "directly upon the point" that the mortgage covered such interest of the children.   It is not *res judicata* upon "any matter to be inferred by argument from the judgment."   1 Greenleaf on Ev. (15 Ed.), sec. 528; Ridgely v. Stillwell, 27 Mo. 132; Graham v. Railroad, 3 Wall. 705; Dennison v. U. S., 168 U. S. 249. It is not *res judicata* because none of these questions was presented by the pleadings in the foreclosure suit for consideration, the whole defense therein resting on invalidity of assignment of note to assignee.   Nor on the issues made in that suit was an adjudication of these points "necessary to a decision of the questions involved."   Swan v. Railroad, 120 Mo. 37; Nickerson v. City of Mexico, 58 Mo. 65.   It is not *res judicata* because in that suit these children and Fritz Kirchoff, through whom the trust company claims, were not adversary parties.   Miller v. Gillespie, 59 Mo. 222; Bank v. Bartele, 114 Mo. 276; McMahan v. Geiger, 73 Mo. 148.   The decree would have been void even if in un-

mistakable terms it had foreclosed the mortgage against these children's interest, they being no party to the mortgage. Nor does this decree *ad rem* bind these children as to their interest, as privies thereto, their rights antedating said foreclosure suit. "No one is privy to a judgment whose possession to the rights of property thereby affected accrued previously to the institution of the suit." Henry v. Woods, 77 Mo. 281; Koontz v. Kaufman, 31 Mo. App. 409; Freeman on Judgments, sec. 162.

*John E. Burden* for respondents Hall and New England Loan & Trust Company.

The construction of the deed of Henry Kirchoff and wife to Mary Kirchoff, and the question of the power of Mary Kirchoff to bind the fee simple title of the lands by mortgage executed in the lifetime of her husband, Fritz Kirchoff, was settled and determined against the claim of the appellants, by the circuit court of Lafayette county, Missouri, in the case of Tate et al. v. Kirchoff et al. Murphy v. DeFrance, 101 Mo. 151; Givens v. Thompson, 110 Mo. 432; State ex rel. v. St. Louis, 145 Mo. 551; Nave v. Adams, 107 Mo. 414; Caldwell v. White, 77 Mo. 471; Garton v. Butts, 73 Mo. 274; Armstrong v. St. Louis, 69 Mo. 309. The judgment in the Tate case is conclusive of all questions within the issue, whether formally litigated or not. The principle of *res judicata* extends not only to questions of fact and of law which were decided in the former suit, but also to grounds of recovery or defense which might have been but were not prosecuted. Harmon v. Auditor of Public Accounts, 123 Ill. 122.

*Wm. H. Chiles* for respondent Kirchoff.

The meaning of the deed is no longer an open one; it was in issue directly and decided in the suit of Tate v. Fritz Kirchoff and the present plaintiffs on the fore-

closure of the mortgage made by Mary Kirchoff and husband to borrow money used by them in paying off an outstanding incumbrance superior to the title of Mary Kirchoff. The circuit court had cognizance of the subject-matter in that action, and had jurisdiction over the parties, and the judgment is final and valid, however irregular, erroneous and wrongful, until set aside or reversed on appeal or writ of error. Hope v. Blair, 105 Mo. 93; Adams v. Cowles, 95 Mo. 506; Bosenheim v. Hartsook, 90 Mo. 357; Crispen v. Hannavan, 50 Mo. 419; Ridgely v. Stillwell, 27 Mo. 128; Freeman on Judgments (2 Ed.), secs. 248, 249, 157, 158, 162, 165; 1 Greenleaf on Ev. (5 Ed.), secs. 522-523; Cooley v. Warren, 53 Mo. 169. The petition in the foreclosure case asked that the fee simple title be charged with the mortgage debt and the court so found and adjudged; hence, this question was directly, not merely collaterally, considered as in the cases cited (27 Mo. 128, and 45 Mo. 265). And the sale under the decree of foreclosure carried the fee simple and all the interest of all the appellants in the land. Kopp v. Blessing, 121 Mo. 396. The informality of a judgment even to the extent of granting a relief not contemplated by the petition when the parties are before the court, and relief within its jurisdiction, is not void and can not be collaterally attacked. O'Reilly v. Nicholson, 45 Mo. 160. Even if the petition did not lay a foundation for the relief given. Gray v. Bowles, 74 Mo. 423. A court having jurisdiction of the subject-matter of a suit and the parties to a suit has jurisdiction to decide contrary to law, just as great as to decide in conformity to law. Howard v. Railroad, 134 Mo. 479; Miles v. Davis, 19 Mo. 408; Myers v. McRay, 114 Mo. 377; Hagerman v. Sutton, 91 Mo. 519; Hoskenson v. Adkins, 77 Mo. 537; Corley v. McKeag, 57 Mo. App. 415. Appellants, however, contend that because Fritz Kirchoff and his children were not adversary parties in the Tate case, that judgment was not *res judicata*. The appellants are bound

by that judgment because they were parties to it. Fritz Kirchoff in this case stands in the shoes of the Tates, who were the adversaries of the appellants in that action, and is a privy in estate of the Tates, and occupies the same attitude and is entitled to the same rights as the Tates would had they bought. Henry v. Woods, 77 Mo. 281; Young v. Byrd, 124 Mo. 590; Freeman on Judgments (2 Ed.), secs. 165, 162; Horstmeyer v. Connors, 51 Mo. App. 394; Payne v. Masek, 114 Mo. 631.

MARSHALL, J.—This is a bill in equity to divest title out of the defendant and vest it in the plaintiffs, as to five-sixths of a certain tract of one hundred and twenty acres of land, in Lafayette county. The plaintiffs are the children of the defendant Fritz Kirchoff and his deceased wife Mary.

The case made is this:

On December 27, 1867, Mary Patrick conveyed the land to Fritz Kirchoff, for a consideration of three thousand dollars. Kirchoff paid eleven hundred in cash, and executed a mortgage on the land to Mrs. Patrick, to secure the balance of the purchase money, which was evidenced by a note for $1,000 payable at one year, and a note for $900 payable at three years. The note for $1,000 was paid. Fritz Kirchoff alone signed the mortgage, from which it would seem that he was unmarried at that time.

On September 5, 1869, Fritz Kirchoff and his wife Mary conveyed the land to his father, Henry Kirchoff, for an alleged consideration of fifteen hundred dollars, but in fact, the conveyance was voluntary. By the same deed they also conveyed, "the goods, household furniture, farming utensils, beasts of all kinds in my possession and belonging to me the said Fritz Kirchoff."

On August 6, 1872, Henry Kirchoff and his wife conveyed the land to Mary Kirchoff by the following deed:

"Know all men by these presents that we Henry Kirchoff, and Charlotte Kirchoff, wife of the said Henry Kirchoff, of the county of Lafayette, in the State of Missouri, have this day, for and in consideration of the sum of fifteen hundred dollars, to the said Henry Kirchoff in hand paid by Mary Kirchoff, of the county of Lafayette, in the State of Missouri, granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Mary Kirchoff the following described tracts or parcels of land situate in the county of Lafayette in the State of Missouri, that is to say: the southwest quarter of the southwest quarter of section 10, also the northeast quarter of the northeast quarter of section 16, also the northwest quarter of the northwest quarter of section 15, all in township 48, and range 24, containing 120 acres in all, more or less. Conditioned, however, that the above-mentioned tracts of land shall be the property of Mary Kirchoff for the use of herself and the children of Fritz Kirchoff and herself, and the said Mary Kirchoff shall hereby have no authority to sell the same after the death of her husband, Fritz Kirchoff. To have and to hold the premises hereby conveyed with all the rights, privileges and appurtenances thereto belonging or in anywise appertaining unto the said Mary Kirchoff, her heirs and assigns forever. We the said Henry Kirchoff and Charlotte Kirchoff hereby covenanting to and with the said Mary Kirchoff her heirs and assigns, for herself, her heirs, executors and administrators, to warrant and defend the title to the premises hereby conveyed against the claim of every person whatsoever. In witness whereof, we have hereunto subscribed our names, and affixed our seals this 6th day of August, A. D. 1872," etc.

Thus the matter stood until April 24, 1875, when Fritz Kirchoff and Mary his wife, borrowed one thousand dollars from one Johnson for one year, and gave a mortgage on the land to secure the same. With this

money they paid off the balance due on the mortgage to Mrs. Patrick, and she released her mortgage on the margin of the record on April 26, 1875.

On April 21, 1877, Fritz and Mary Kirchoff borrowed one thousand dollars from G. F. Brockmann, guardian of Carl Brockhoff, payable one day after date, and secured it by giving a mortgage on the land. With this money they paid off the Johnson mortgage and it was released on the records.

Brockmann assigned the note to Mrs. Jeanette J. Tate. Mary Kirchoff died. Fritz quit paying the interest on the loan, and Mrs. Tate instituted a suit to foreclose the mortgage. Fritz and the plaintiffs were made parties defendant; and were all properly served with summons. A guardian *ad litem* was appointed for the children, who were all minors. The petition charged that the money secured by the mortgage was borrowed by Mary Kirchoff for her own use and that of her children and to pay off an incumbrance securing a part of the purchase price of the land. The defendants demurred generally. Upon the argument of the demurrer, it was agreed between counsel in writing that in order to raise "a pure question of law on the construction of the deeds and notes mentioned and referred to in plaintiff's petition and the transactions based thereon," the plaintiff withdrew the allegation of the petition that the money secured by the mortgage was borrowed partly to pay off the balance due of the purchase money, pending the decision on the demurrer, with leave to reinsert that allegation after the demurrer was passed upon. The demurrer was then argued. Mrs. Tate contended that the whole fee was vested in Mary Kirchoff and that the mortgage covered the whole fee, and the defendants contended that Mary Kirchoff had only an undivided one-sixth interest in the land, and that the remaining five-sixths were vested in her children, the plaintiffs in the case at bar, and therefore Mary could only mortgage her one-sixth in-

terest. The court overruled the demurrer. The defendants answered over—the answers raising the same question as the demurrer, with a question of fact as to the validity of the assignment of the note by Brockmann to Mrs. Tate. The case was then tried and resulted, on December 16, 1882, ·in a decree of foreclosure.

Among the other findings of the court, were, first, that Mary Kirchoff made the mortgage to Brockmann "for the purpose of borrowing money for the use of herself and the children of herself and said Fritz Kirchoff, and for paying off· an incumbrance upon the land created thereon by said Mary and Fritz Kirchoff to pay the balance of the purchase money remaining due and unpaid;" and, second, "The court further finds and declares that the fee simple title in and to said lands aforesaid by reason of the premises aforesaid is bound for and charged with the payment of the balance of said mortgage debt and interest and that such charge and lien on said lands in equity passed to and vested in plaintiff, Jeanette J. Tate, by virtue of said assignment of said note to her as aforesaid." And the court decreed "that the equity of redemption of defendants and each of them in and to the lands be and is hereby foreclosed and forever barred," and that the land or so much as might be'necessary be sold to satisfy the balance found to be due upon the mortgage. There was no appeal taken from this decree.

Thereafter, on April 2, 1883, the sheriff sold the land under this foreclosure decree, and Fritz Kirchoff became the purchaser. He afterwards mortgaged the land to secure a loan of $2,000 from the New England Loan & Trust Company.

Thus the matter rested until this suit was brought on July 16, 1895. The petition sets out nearly all of the facts hereinbefore stated, and asks for an accounting of rents and profits by Fritz Kirchoff; that the sheriff's deed to Fritz be held void and set aside; that

the mortgage of Fritz to the New England Loan & Trust Company be decreed to be of no effect so far as five-sixths of the land is concerned, and that the plaintiffs be decreed to be the owners in fee of an undivided five-sixths interest in the land, and that such interest be decreed to be free from all liens.

The answers set up various defenses, but in the view hereinafter taken of this case, it is only necessary to specify the defense that the plaintiffs' right, title and interest in the land was adjudicated in the case of Tate against these plaintiffs and their father Fritz, and it was there held that the Brockmann mortgage made by Mary Kirchoff covered the fee-simple title to the whole land.

The court entered a judgment for the defendants in this case, and the plaintiffs appealed.

## I.

The decisive question in this case is, whether the rights here set up by the plaintiffs were adjudicated against them in the case of Tate vs. these plaintiffs and their father, Fritz.

These plaintiffs took the same position in that case that they take here, to-wit, that the deed from Henry Kirchoff to Mary Kirchoff, of August 6, 1872, vested only an undivided one-sixth interest in the land in Mary Kirchoff, and that the remaining five-sixths interest was vested in these plaintiffs, and, therefore, that only Mary's one-sixth passed by the mortgage to Brockmann. And Mrs. Tate denied that such was the meaning or legal effect of the deed, and claimed that under that deed Mary acquired the fee-simple title to the land, and therefore the mortgage to Brockmann, under which she held, covered the whole land.

The court construed the deed, first on demurrer, and then upon issue joined, and held that Mary acquired the fee-simple title by the deed to her from her

father, Henry, and that her mortgage to Brockmann carried the fee-simple title, and that the plaintiffs as her heirs at law succeeded at her death to her equity of redemption in the land, and then foreclosed the mortgage and barred the equity of redemption of these plaintiffs.

Thus every contention that is now made as to the proper construction of the deed of Henry Kirchoff to Mary Kirchoff, and every contention that could have been made with respect to that deed, was made by these plaintiffs in the Tate case. And the court decided all those contentions against these plaintiffs, who were all parties in that case, and no appeal was taken from that judgment.

The deed, therefore, has undergone judicial interpretation in a case where the validity, meaning, force and effect of the deed were necessarily involved, and these plaintiffs were parties to that case. The matter is therefore *res judicata,* and it is not competent for any court, at the instance of these plaintiffs or their privies, to consider those matters again.

In Hope v. Blair, 105 Mo. l. c. 93, MACFARLANE, J., aptly stated the law as follows: ''When the court has cognizance of the controversy, as it appears from the pleadings, and has the parties before it, then the judgment or order, which is authorized by the pleadings, however erroneous, irregular or informal it may be, is valid until set aside or reversed upon appeal or writ of error. This doctrine is founded upon reason and the 'soundest principles of public policy.' 'It is one,' says the court of Virginia, 'which has been adopted in the interest of the peace of society, and the permanent security of titles. If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the regularities or errors in such judgment, there would be no end to litigation and no fixed estab-

lished rights.' '' See, also, Wells on Res Adjudicata and Stare Decisis, sec. 2, p. 2; Fithian v. Monks, 43 Mo. l. c. 520; Tapley v. McPike, 50 Mo. 588.

The Am. and Eng. Ency. of Law (1 Ed.), vol. 21, p. 201, says: ''All those matters are considered within the issue which must necessarily have been either expressly or impliedly decided, in order to have arrived at any judgment in the case. Consequently, it is not essential that every matter must be formally and directly contested, if it be so connected with the main issue that it could not be ignored or lost sight of.''

The fact that these plaintiffs were minors and defended by a guardian *ad litem,* after being personally served with process, is immaterial. Freeman on Judgts. (4 Ed.), vol. 1, sec. 151, says: ''The general tendency is to regard the plea of infancy as a personal plea which may be waived. And whether such plea is interposed or not, a judgment or decree against an infant, properly before the court, is as obligatory upon him as though he were an adult, except in cases where he is allowed time, after coming of age, to show cause against the judgment or decree. If an absolute decree is made against an infant, he is as much bound as a person of full age, and will not be permitted to dispute the decree, except upon the same grounds which would be available if he were an adult.''

And in Shields v. Powers, 29 Mo. 315, Scott, J., held that a judgment against a minor, properly before the court, was binding upon him, and that he was not entitled to a day in court after becoming of age to show cause against the decree.

In Smith v. Perkins, 124 Mo. l. c. 54, the point was made that the plaintiff was an infant when the judgment was rendered against him and therefore he was not bound by it, but this court, per Brace, J., said: ''The circuit court having jurisdiction of the subject-matter of the suit and having thus acquired jurisdiction over the defendant, and its proceedings in the

adjudication of the issues being in literal compliance with all the requirements of the statute, article 2, chapter 33, Revised Statutes 1889, providing for suits by and against infants, the judgment of said court was binding and conclusive upon the plaintiff, although he was an infant, and the deed read in evidence, made in pursuance of a sale under the execution thereon, all in due and regular form, transferred all his interest in the premises to the purchaser, under whom defendant claims, and the finding and judgment should have been for the defendant.''

The plaintiffs contend, however, that they and Fritz were not adversary parties in the Tate suit, and, therefore, the judgment in that case is not *res adjudicata* of the same questions, and of the deed in this case.

"'The doctrine of *res judicata* applies so long as the issue is between the same parties, and whether they continue, respectively, as plaintiffs and defendants, or reverse their positions, is not material. They must, however, have been and continue to be adversary parties. But when issues between various defendants are actually decided by the court they become *res judicata,* the same as if they arose between opposing parties.'' [21 Am. and Eng. Ency. of Law (1 Ed.), p. 134.]

The cases of Miller v. Gillespie, 59 Mo. 220; McMahan v. Geiger, 73 Mo. 148; and Bank v. Bartle, 114 Mo. 276, relied on by the plaintiffs, illustrate the rule above laid down but do not apply to this case. They were cases where a third party sued both of the parties in the case at bar, claiming on a joint demand against them all, and it was properly held that the judgment in such a case could not settle the liability or extent of liability of the several defendants, *inter sese.* But the case of Tate against these parties is not at all like those cases, for although they were all parties defendant in that case, no personal judgment was asked against any one, but the proceeding was *in rem* to foreclose a mortgage, and the question was what interest was con-

veyed by the mortgage.    The plaintiffs in this case charge that the Tate case was brought about by the misconduct of the defendant Fritz in this case, in making his wife give a mortgage to secure his debt, and afterwards in not paying even the interest on his debt, and that he failed to do so because he was fraudulently contriving to have Mrs. Tate foreclose the mortgage, so he could buy the land at the sale and thereby cut out the rights of his children in the land.    Under such a plea it scarcely lies in the mouth of the plaintiffs to say that they and Fritz were not adversary parties in the Tate case, and at all times.

Under these conditions no court has a right to again consider or adjudge the meaning of the deed from Henry Kirchoff to Mary Kirchoff at the instance of the plaintiffs herein, nor to say that Mary acquired anything less than the fee-simple title, for all questions as to that matter and as to the plaintiffs' rights under that deed were foreclosed by the judgment in that case.

The judgment of the circuit court in this case was therefore for the right party, and it is affirmed.    All concur.