STATE OF MISSOURI ex rel. GEORGE INGEN-
BOHS, Relator, v. CHAS. M. LANDIS, Judge of
the Probate Court of Barry County, Missouri, and
CATHERINE CONLEY, Respondents.

Springfield Court of Appeals, July 7, 1913.

COURTS: Concurrent Jurisdiction: Prohibition to Prevent In-
terference of One With Another. Where one court has law-
fully assumed jurisdiction over a given case, other courts of
concurrent jurisdiction in that matter will not be allowed to
interfere.

*Original Proceedings in Prohibition.*

*Lehmann & Lehmann* of St. Louis for relator.

*W. Cloud* of Pierce City for respondents.

PEREMPTORY WRIT AWARDED.

FARRINGTON, J.—This is an original proceed-
ing in this court to obtain a writ of prohibition to pre-
vent the judge of the probate court of Barry county,
Missouri, from further entertaining jurisdiction of a
certain cause pending in the court over which he pre-
sides, and grows out of a controversy concerning the
custody of the minor child of George Ingenbohs, the
facts of which controversy are detailed in an opinion
this day handed down by this court in a cause entitled
In re Alberta Antoinette Ingenbohs. By reading the
opinion in that case, it will be found that this court on
March 13, 1913, at the instance of George Ingenbohs,

father of the minor child, issued a writ of *habeas corpus* commanding Catherine Conley and Bernard Conley to have before this court at a certain named date the body of said minor child.   After the writ of *habeas corpus* was served, Catherine Conley appeared in the probate court of Barry county with a petition asking that George Ingenbohs, the father of the minor child, "be adjudged incompetent and not a suitable person to have the care and custody of said minor."   The probate court found that George Ingenbohs was incompetent and unfit to have the care and custody of his infant child and appointed Catherine Conley, its maternal grandmother, as its guardian.   The proceeding in the probate court was instituted and completed during the time the *habeas corpus* proceeding was pending in this court. The identical question of fact which was determined by the probate court, to-wit, the competency and fitness of the natural guardian of the child, was a question over which this court had previously assumed jurisdiction.   The opinion of this court in the *habeas corpus* proceeding, hereinbefore referred to, discusses the conflict of jurisdiction of courts and shows that the law is well established that where one court has lawfully assumed jurisdiction over a given case, other courts of concurrent jurisdiction in that matter must pursue the salutary and practical policy of "hands off."   "To be respected courts must respect each other," said Judge LAMM in his separate opinion in the case of State ex rel. Mo. Pac. Ry. Co. v. Williams, 221 Mo. l. c. 268, 120 S. W. 740; and, continuing: "Or may two courts proceed on contrary theories at the selfsame time and grind a litigant between the upper and nether millstones of jurisdiction?   The one saying aye and the other nay and each speaking an imperative voice?   In the old days on the border Rob Roy and his clan had a property notion based on power alone.   Of them it was said that:

'The good old rule
Sufficeth them—the simple plan,
That they should take who have the power,
   And they should keep who can.'

"Such 'simple plan' has no place in jurisprudence when applied to jurisdiction."

The primary issue for the determination of the probate court of Barry county was as to the competency or incompetency of the child's natural guardian, and any order or judgment in the proceeding therein pending must necessarily have been based upon a determination of that issue. Since that issue had been previously submitted to this court, that tribunal could exercise no jurisdiction so far as the determination of that issue was concerned. It results that the order and adjudication of that court was a nullity. It is therefore ordered that the temporary writ heretofore awarded be made permanent. All concur.