HAROLD DRAKE, BY NEXT FRIEND, RESPONDENT, v. KANSAS CITY PUBLIC SERVICE CO., APPELLANT.—41 S. W. (2d) 1066.

Kansas City Court of Appeals. May 25, 1931.

*Watson, Gage, Ess, Groner & Barnett* for appellant.

*Atwood, Wickersham, Hill & Chilcott* for respondent.

CAMPBELL, C.—Plaintiff, seventeen years of .age, brought ·suit by his next friend in the circuit court of Jackson county on the 5th day of April, 1928, to recover damages for personal injuries alleged to have been sustained by him as the result of defendant's negligence. Plaintiff recovered judgment for five thousand dollars, and the defendant appeals.

The sufficiency of plaintiff's petition is not questioned.

The defendant's answer, upon which the case was tried, contains a general denial and an averment that on the 18th day of June, 1928, the plaintiff filed in a justice of the peace court in Kaw Township, Jackson county, an application for the appointment of a next friend, to-wit, his mother, for the purpose of prosecuting an action against the defendant herein, together with written consent of his said mother to act as such next friend. The petition, consent, and subsequent proceedings before the justice are, upon their face, in strict compliance with the statutes governing the institution of suits by infants in justice of the peace courts. The answer also alleges and sets forth that after the appointment of a next friend for plaintiff, plaintiff, by his said next friend, filed statement in which he alleged the same cause of action as stated by him in his petition filed in the circuit court, and wherein the amount sought to be recovered is the sum of $400; that the cause was tried before said justice and a judgment, which is set forth in full and is upon its face regular, was, on the same day, rendered. The judgment of the justice is pleaded in bar of the suit pending in the circuit court. Contributory ·negligence is also pleaded in the answer.

Plaintiff filed reply to the answer, the allegations of which will be hereafter mentioned.

Upon the hearing of the plea in bar the defendant offered in evidence the record of the proceeding before the justice. Plaintiff objected to the introduction of said record because it was incompetent and because the judgment set forth in the answer "is a wholly void judgment and in no manner binding on the plaintiff." The objection was sustained upon the theory "that the judgment is void on the face of the pleadings." That ruling is assigned as error.

It is not necessary to cite authorities to support the proposition that a judgment, regular upon its face, rendered by a court of competent jurisdiction, is binding and conclusive upon the parties to it. The binding force and effect of a judgment applies to an infant the same as to an adult. [Fiene v. Kirchoff, 176 Mo. 516, 75 S. W. 608, 34 C. J. 990.]

The order in which suits between the same parties are brought is immaterial in the determination of this question. It has been said: "And if two suits are brought on such a claim, the first suit brought may be pleaded in abatement to the other, or if the judgment is

rendered in the second writ, this judgment may be pleaded in bar, to the further prosecution of the first suit." [Ruddle v. Horine, 34 Mo. App. 616, 621; Nave v. Adams, 107 Mo. 414, 17 S. W. 958.]

"It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of time in which the suits are commenced." [34 C. J. 758.]

"An exception to the general rule exists where a court of equity has first obtained jurisdiction to give complete relief; and in such case the equitable proceeding is not barred by a judgment rendered in a summary proceeding subsequently commenced." [34 C. J. 758.]

It is argued by plaintiff that after the suit was filed in the circuit court, the court could not be ousted of its jurisdiction by a proceeding subsequently commenced before a justice of the peace on the same cause of action and between the same parties.

There are cases in which the language used is such as to justify the argument. In determining the scope and effect of a decision, it has been said: "The language used by a judge in his opinion is to be interpreted in the light of the facts and issues held in judgment *in the concrete* case precisely as in every other human document." [State ex rel. v. St. Louis, 241 Mo. 231, 238, 145 S. W. 801.]

In the case of Grey v. Independent Order of Foresters, 196 S. W. 779, it is said: "When two courts have coordinate jurisdiction, the one whose jurisdiction first attaches will retain it and proceed to final judgment regardless of the action of the other court."

Such pronouncement is in legal effect found in the following cases: State ex rel. v. Reynolds, 209 Mo. 161, 107 S. W. 487; Miller v. Company, 196 S. W. 448; State ex rel. v. Davis, 190 S. W. 964, and other cases, all of which are proceedings *in rem, quasi in rem,* or in which pendency of the first suit was properly raised in the second suit.

Plaintiff also cites State ex rel. v. Guinotte, 156 Mo. 513, 57 S. W. 281. In that case it is held that pending a will contest the probate court was without jurisdiction to revoke letters of administration issued pending the suit. The holding is based upon a statute which the court held deprived the probate court of jurisdiction to make the order. Upon the institution of the will contest the probate court "lost jurisdiction over the cause."

The pendency of the suit in circuit court did not deprive the justice of jurisdiction. [Williams v. C. B. & Q. R. R. Company, 6 S. W. (2d) 929.]

When plaintiff brought suit in the justice court, the fact that his suit was pending in the circuit court, could have been pleaded by defendant in abatement of the former. But, if pending the hearing of a plea in abatement the plaintiff had dismissed the suit in

the circuit court, he could have proceeded with the suit in the justice court. The pendency of the first suit is a matter of defense and must be pleaded in abatement or it is waived. [Warder v. Henry, 117 Mo. 530, 541, 23 S. W. 776.]

In the case of Martin v. Cotton Oil Company, 194 Mo. App. 106, 184 S. W. 127, the court held that the pendency of a suit in a federal court between the same parties for the same cause of action could be pleaded in abatement of the second suit, but that the plea should be overruled if the first suit was terminated by non-suit or dismissal before the trial of the plea in abatement. It is thus evident that in an action, such as the one under consideration, the pendency in one court of a cause of action does not of itself deprive any other court of jurisdiction to entertain the same cause of action.

We are cited to the case of Robinson v. Floesch Construction Company, 236 S. W. 332. In that case the plaintiff's petition was in two counts. The first count sought to set aside a judgment rendered between the same parties before a justice of the peace. The allegations of said count are in legal effect the same as the allegations. of the reply filed by the defendant in this case. The second count was an ordinary suit for personal injuries. Thus the plaintiff in that case asked a proper court to set aside the judgment that had been rendered by the justice, assigning reason therefor, as did the plaintiff in this case in his reply, thus recognizing the binding force and effect of the judgment. The judgment was set aside and the case then proceeded to trial on the second count of the petition. Not so in this case. While plaintiff, by reply, pleaded the invalidity of the judgment of the justice, he offered no evidence to support that plea, but, on the contrary, objected successfully to the introduction of the judgment.

The statement filed with the justice pleaded a case belonging to a general class of which that court had jurisdiction. The record reveals that court had jurisdiction of the parties. The judgment is, upon its face, regular, and inasmuch as we cannot, as a matter of law, say that the unproven allegations of plaintiff's reply are true, we cannot adjudge the judgment to be other than what it upon its face purports to be, namely, a valid and conclusive adjudication of the rights of the parties to the cause. Plaintiff evidently recognized the force of the judgment when he in his reply said "if said pretended judgment is allowed to stand it will bar further attempts of the plaintiff to prosecute his claim for damages for said injuries in this court." We agree that the statement thus made is correct.

It is argued that the judgment is inadequate to compensate the plaintiff. A final judgment is not void, though inadequate or excessive. It may be voidable if properly assailed but valid when attacked collaterally. It has been said that a judgment is not void

because the petition upon which it is based fails to state a cause of action. [Winningham v. Trueblood, 149 Mo. 572, 580, 51 S. W. 399.] A judgment that is void is open to collateral attack. It neither gives rights nor takes them away. But a judgment that will support an execution is not void. [23 C. J. 319.] Would any one contend that the judgment of the justice, if unpaid, could not be enforced by execution? We apprehend not. We hold that the judgment of the justice, being in due form, is binding and conclusive on the parties to this cause and will so remain until set aside, and that until set aside, it is a bar to the prosecution of this action.

We have refrained from expressing an opinion on the question as to whether the validity of the judgment may be assailed in a reply because that question is not before us.

Error is assigned to the giving of plaintiff's instructions numbers 2 and 3 in relation to plaintiff's alleged contributory negligence. Similar instruction have met the approval of the Supreme Court. [Beebe v. Kansas City, 34 S. W. (2d) 57; McDaniel v. Davis, 266 S. W. 710.]

The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except *Trimble, P. J.,* absent.

## ON MOTION FOR REHEARING.

It is argued the opinion in this case is in conflict with certain decisions of the Supreme Court and the Courts of Appeals. We have examined the cases cited and find conflict does not appear unless found in the case of State ex rel. v. Landis, 173 Mo. App. 198, 158 S. W. 854. To construe the holding in that case to be in conflict with the decision in the instant case would be to give it such a construction as to bring it in conflict with the case of Williams v. C. B. & Q., 6 S. W. (2d) 929. The motion is denied. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The motion is denied. All concur, except *Trimble, P. J.*A absent.