Neoma WALL (Plaintiff), Respondent,

v.

Robert K. WALL (Defendant), Appellant.

No. 29469.

St. Louis Court of Appeals.

Missouri.

Dec. 4, 1956.

William J. Hough, Clayton, for appellant.

Louis L. Hicks, Clayton, for plaintiff-respondent.

ANDERSON, Presiding Judge.

This is an appeal from an order and judgment of the Circuit Court sustaining a motion for an attorney's fee filed by Louis L. Hicks in a divorce action wherein he represented the plaintiff, Neoma Wall. The defendant was Robert K. Wall.

The divorce petition was filed in Division 6 of the Circuit Court of St. Louis County on December 10, 1952. It was styled: "Neoma Wall, plaintiff, vs. Robert K. Wall, defendant, No. 197,800." The grounds for divorce alleged in said petition were general indignities. The prayer of the petition was that plaintiff be divorced from defendant; that she be given the custody of the three minor children born of the marriage; and that she be awarded alimony, support money for the children, and attorney's fee. Defendant filed no answer in said cause.

On March 3, 1954, Robert K. Wall filed suit for divorce against Neoma Wall in Division 4 of the Circuit Court of St. Louis County. That cause was numbered 202,644. Service was obtained upon Neoma Wall in that case. Thereafter, on April 5, 1955, said cause came on for hearing and was tried on said date. Neoma Wall was represented at said trial by her attorney, Lovell George. The trial resulted in a decree of divorce in favor of Robert K. Wall. Mrs. Wall did not challenge the court's right to proceed in the case by a plea of another action pending, or in any other manner.

Thereafter, on May 18, 1955, attorney Louis L. Hicks, in Cause numbered 197,800, filed the following motion:

"Comes now Louis L. Hicks, attorney for the plaintiff, and states:

"(1) That at all times herein mentioned he was an attorney-at-law duly licensed and practicing in the courts of the State of Missouri.

"(2) That on or about December 10, 1952, and prior thereto, the plaintiff, Neoma Wall, consulted him with reference to her marital affairs and authorized him to file a suit for divorce against the defendant, Robert Wall.

"(3) That pursuant to said consultation, your petitioner prepared a suit for divorce and filed same in the Circuit Court of St. Louis County, State of Missouri, in Division No. 6.

"(4) That in connection with filing said petition, your petitioner prepared a list of vital statistics as required by the State of Missouri and rendered other legal services in connection with the preparation of said case after the suit was filed.

"(5) Your petitioner further states that the defendant was duly served by the Sheriff of St. Louis County after considerable difficulty, after which time your petitioner had several conversations with defendant's attorney. Several months thereafter the plaintiff telephoned and said that she had gone back to her husband; and under the statutes of Missouri, your petitioner has an attorney's lien for a fee, on which nothing has been paid.

"(6) Plaintiff does not cooperate with the petitioner for the purpose of having fee allowed, and has left the State.

"(7) Defendant is an able-bodied person steadily employed and well able to pay an attorney's fee and the costs herein incurred.

"Wherefore, petitioner prays for an order of this court allowing him a reasonable attorney's fee and declaring said allowance to be a lien in favor of the petitioner; and that the peti-

tioner have execution therefor for said fee and costs which have accrued and which will accrue."

On May 20, 1955, said motion came on for hearing. Petitioner testified as to the extent and value of his services. No evidence was offered as to the ability of defendant to pay for said services, or of the wife's needs. The cause was taken as submitted on said date.

On August 15, 1955, petitioner, by leave of court, amended his petition by striking therefrom the prayer, and substituting in lieu thereof the following:

"Wherefore, the petitioner prays for an order of this court allowing plaintiff a reasonable attorney's fee and declaring an attorney's lien on said allowance in favor of Louis L. Hicks and taxing the same as costs against Robert Wall, the defendant, and that plaintiff have execution therefor."

On August 20, 1955, the court sustained said motion, in words and figures as follows:

"Ordered that plaintiff have and recover of defendant the sum of $100 as and for her attorney's fee, for his services rendered in this cause; that Louis L. Hicks have an attorney's lien on said sum so allowed; and that said allowance be taxed as costs against defendant."

Defendant filed his motion for new trial, which was overruled. This appeal followed in due course.

It is appellant's contention that the trial court erred in exercising its jurisdiction after a decree of divorce had been granted in cause No. 202,644. To this we are compelled to agree.

Temporary alimony is allowed as an incident to the main relief sought, and the power to grant it resides in the court which has effectively assumed jurisdiction of the action for divorce. 27 C.J.S., Divorce, § 203, p. 886. Ordinarily that court is the one which first acquires jurisdiction. Mahn v. Mahn, 63 Mo.App. 375. However, a court which has subsequently acquired jurisdiction of the parties and the subject matter may, through failure on the part of one entitled to object, exercise its jurisdiction and fully determine the cause. State ex rel. Kansas City v. Harris, 357 Mo. 1166, 212 S.W.2d 733; Drake v. Kansas City Public Service Co., 226 Mo.App. 365, 41 S.W.2d 1066, 54 S.W.2d 427. In such cases, the right to proceed to a determination of the case is exclusive and embraces all the issues properly triable. Mahn v. Mahn, supra.

Neoma Wall did not, by a plea of another action pending, challenge her husband's right to proceed in the action filed by him in Division 4 of the Circuit Court of St. Louis County. On the contrary, she filed an answer and participated in the trial, which resulted in a decree of divorce in favor of her husband. Any right to temporary alimony, including an allowance for attorney's fee, should have been litigated in that action. It was therefore error for the trial court to exercise its jurisdiction to grant the relief prayed for in Mr. Hicks' motion.

In view of what we have said, it becomes unnecessary to rule on appellant's further assignment that the court was without authority to allow the attorney's fee on motion of plaintiff's attorney.

The judgment appealed from is reversed.

MATTHES, J., and ELMO B. HUNTER, Special Judge, concur.