STATE OF MISSOURI EX REL. MARY A. A. DUNN, RELATRIX, v. RAY G. COWAN, JUDGE OF JACKSON CIRCUIT COURT, RESPONDENT.— 105 S. W. (2d) 1009.

Kansas City Court of Appeals.   May 24, 1937.

*Alpha N. Brown* for relatrix.

*Charles M. Miller* for respondent.

CAMPBELL, C.—Original proceeding in prohibition by which the relatrix seeks to prohibit the respondent from assuming further jurisdiction in a cause, No. 446860, pending in the Circuit Court of Jackson County, Missouri, hereinafter called the second suit,

in which Rufus McCormack and Ada B. McCormack are plaintiffs and relatrix is defendant.

The second paragraph of the application for the writ alleges that on April 2, 1935, Rufus McCormack and Ada B. McCormack, as plaintiffs, brought suit against relatrix as defendant in the Circuit Court of Jackson County, Missouri, hereinafter called the first suit, by the filing of a petition in which it was alleged that the parties to the suit entered into a contract by the terms of which the relatrix herein agreed to convey to the McCormacks certain land in Jackson county, Missouri, when the latter made the payments provided in the contract; that after paying the full purchase price to the relatrix, she failed and refused to convey the land as she agreed to do; that thereupon the McCormacks rescinded the contract, demanded the return of the purchase money, which demand was refused. The petition prayed for rescission of the contract and for judgment for the amount of the payments. The application further alleges that the defendant in the action, relatrix here, filed answer and that cause was tried in Division 5 of the Circuit Court of Jackson County on November 27, 1935; and that on that day the court entered upon its record an order as follows:

"Now on this day this cause coming on regularly for trial, comes plaintiff in person and by attorney and the defendant appears in person and by attorney, and by agreement between the parties hereto. A jury is waived in the trial of this cause, and this cause is submitted to the court upon the pleadings and evidence adduced, and after hearing all of the evidence and arguments of counsel for the respective parties, this cause is by the court taken under advisement."

The application further alleges that at the March term, 1936, and on April 27, the court entered an order in said cause as follows:

"Now on this day come the parties hereto by their respective attorneys and the court orders that the submission of this cause be and the same is hereby set aside and for naught held, and the court further dismisses this cause without prejudice at the plaintiff's costs, to which action and ruling of the court the defendant excepts.

"Wherefore, it is ordered and adjudged by the court that this cause be and the same is hereby dismissed without prejudice at plaintiff's costs and that the defendant go hence and have and recover of and from said plaintiffs her costs herein incurred and expended, and have therefor execution."

And that on May 1, 1936, relatrix filed motion in said cause to set aside the order "setting aside submission" and dismissing cause upon the ground that the court was without authority to set aside the submission for the purpose of allowing the plaintiffs to dismiss the action; that the motion was overruled and appeal allowed to

the Kansas City Court of Appeals, *supersedeas* given, and that said cause is now pending on appeal in the Kansas City Court of Appeals.

Paragraph 3 alleges that while the first suit was pending, as stated in paragraph 2, the McCormacks brought suit against relatrix in the Circuit Court of Jackson County, Missouri, being the second suit, based upon the same cause of action; and that the petition in the two suits were identical save in the second suit rescission of the contract was not prayed.

Paragraph 4 alleges that the first suit is pending in the Kansas City Court of Appeals and that relatrix is contending that the trial court in said cause had, prior to the attempted dismissal thereof, found the issues in favor of the defendant and that the trial court erred in setting aside the submission of the cause and dismissing the same and refusing to enter a judgment therein for and on behalf of the defendant; and that all of said matters are now pending in the appellate court on the appeal of relatrix.

Paragraph 5 alleges that under the facts stated the Circuit Court of Jackson County had no jurisdiction to proceed in the trial of the second suit while the appeal of the first suit is pending.

Paragraph 6 alleges that on September 16, 1936, relatrix filed motion in the second suit to stay further proceeding therein and to abate the action because the first suit was still pending and undetermined; that the motion was overruled and that the circuit court will, unless prohibited, proceed to take up the issues and try the cause; and that the judgment in the first suit is *res judicata* of the second suit.

Preliminary rule was issued prohibiting respondent from proceeding further in the second suit.

The respondent's return is directed to the allegations of the application for the writ and makes no reference whatever to the allegations in paragraph 2 of the application, thus admitting the allegations in said paragraph were true. The return says that respondent denies the allegations of paragraph 3 of the application ''to the effect that the two alleged suits involve the same cause of action,'' and alleges in general terms that one of the suits was an action at law and the other an action in equity. The return further denies the allegations in the 4th paragraph of the application to the effect that the court found the issues in the first case in favor of the relatrix, ''states that after the inadvertent entry by the clerk of partial submission on November 15, (27) 1935,'' the court on March 19, 1936, entered in said cause an order as follows:

''Now on this day this cause having been heretofore set for oral arguments and briefs for March 20, 1936, at 2 P. M. and the same being unable to be heard on account of the Court having another cause for hearing and plaintiffs having filed a dismissal herein today,

the matter of dismissal and oral arguments is by the Court set over and continued to March 25, 1936, at 10:30 o'clock A. M."

The relatrix, after the filing of the return, filed motion for judgment on the pleadings.

It will be noted that the order of November 27, 1935, recites the cause was submitted to the court; that the court considered the pleadings, heard the evidence and arguments of counsel and "this cause is taken under advisement."

The order of April 27, *by its terms,* set aside the submission and dismissed the cause "without prejudice," thereby showing that the submission was set aside for the purpose of dismissing the cause without prejudice to the plaintiff. The court had no power to make the order, for the reason the case was submitted at a former term and the "order of dismissal was in the face of an express statute and void on the face of the record." [State ex rel. v. Riley, 118 S. W. 648; Nordquist v. Armourdale State Bank, 19 S. W. (2d) 559.] On this record the first suit is pending and under submission as directed in the order of November 27, 1935. After the order was made the McCormacks brought the second suit based on the cause of action pleaded in the first suit. The facts stated in each petition show that the McCormacks were not at fault; that they were entitled to rescind the contract and recover the money paid to the relatrix. [Smith v. Humphreys, 266 S. W. 487.] The prayer in the petition in the first suit for a rescission of the contract was no part of the pleaded cause of action. There is nothing in the petition in the second suit showing that the first suit had been brought. Therefore, the questions as to whether or not the first suit was pending when the second suit was commenced should have been presented by answer, not by motion. [Weisheyer v. Weisheyer, 14 S. W. (2d) 486; Roberts v. American Nat. Assur. Co., 212 S. W. 390.]

The relatrix has not afforded the circuit court opportunity to determine the question as to whether the first suit was or was not pending when the second suit was brought. We must assume that the circuit court will, if the defense of former suit is properly brought to its attention, correctly decide the issue.

The record discloses that relatrix had a good defense to the second suit; hence, prohibition will not lie. [State ex rel. Shields, 141 S. W. 585, 237 Mo. 329; State ex rel. v. McQuillin, 171 S. W. 72, 216 Mo. 256.]

The preliminary rule is quashed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The preliminary rule is quashed. All concur.