STATE OF MISSOURI EX REL. KANSAS CITY, MISSOURI, a Municipal Corporation, Relator, v. BROWN HARRIS, Judge of Division No. 4 of of The Circuit Court of Jackson County, Missouri, at Kansas City.—No. 40771.—212 S. W. (2d) 733.

Court en Banc, June 14, 1948.

Rehearing Denied, July 12, 1948.

*David M. Proctor,* City Counselor, *John J. Cosgrove* and *E. R. Seaver,* Assistant City Counselors, for relator.

*James P. Aylward, George V. Aylward, Terence M. O'Brien* and *William B. Teasdale* for amici curiae.

[734] HYDE, J.—Kansas City seeks to prohibit respondent Judge from proceeding in an injunction suit which sought to declare invalid its municipal bond election of November 4, 1947 and to enjoin the City from issuing or selling any of the bonds.

The City contends that respondent had no jurisdiction over the subject matter of the injunction suit because this court had previously taken jurisdiction over a quo warranto case, State ex inf. J. E. Taylor,

Attorney General ex rel. Kansas City v. City of North Kansas City, No. 40216, which involves all the issues of and the parties to the injunction suit. It says the only question presented is: Has the Circuit Court jurisdiction to decide an issue in a class action where the same issue is presented in a class action by the same class as interveners in a cause of which the Supreme Court has previously taken jurisdiction?

The quo warranto case was commenced in December 1946 after both Kansas City and North Kansas City had voted to annex part of the same territory in Clay County. It is still pending in this Court, awaiting the report of the Special Commissioner appointed by us to hear it, the evidence of all parties having been heard. The purpose of the quo warranto case was to oust North Kansas City from municipal jurisdiction over the area sought to be annexed by Kansas City and to declare that Kansas City had such jurisdiction. The annexation by Kansas City was made effective, by its ordinance, January 1, 1950. Several residents of Clay County living in the area sought to be annexed by Kansas City intervened in the quo warranto case to oppose the annexation on behalf of all others similarly situated. The grounds stated in their intervention petition included the following: "That the proposed annexation and assumption of jurisdiction over said area by the plaintiff will subject the property and inhabitants in the area sought to be annexed to taxation to pay the present large indebtedness of Kansas City, Missouri, and to pay such additional debts as may be incurred by Kansas City, Missouri, up to the first of January, 1950, and without such property or inhabitants in Clay County, Missouri, receiving any corresponding benefits therefrom. That the voters in the Clay County area sought to be annexed are prevented by the Charter of Kansas City, Missouri, from participating in elections in Kansas City. . . ."

The injunction suit was also brought as a class action by residents of Clay County living in the area sought to be annexed by Kansas City, but they are not the same persons who intervened in the quo warranto case. The injunction suit was brought against Kansas City, its Mayor, members of the City Council, City Manager, Director of Finance, and members of the Board of Election Commissioners. The injunction petition alleged that plaintiffs therein and others similarly situated were not permitted to vote at the 1947 bond election; that "virtually all of the public [735] improvements to be made from the proceeds of the aforesaid bond issues are to be made within the corporate limits of defendant Kansas City, Missouri, as same were before the alleged annexation"; and that "the property of plaintiffs and all other property similarly situated will be taxed on the same basis as property within the corporate limits of defendant Kansas City, Missouri, as such limits were before the alleged annexation."

The City contends that these allegations show the identity of the issues in the two actions. It says that the issues in the injunction suit will be determined in the quo warranto case because if that case is decided against it the residents of the area will have no complaint; and if it is decided for it the finding would by necessary implication mean that the court rejected all points raised in the opposing pleadings. In any event, it argues that this Court has the exclusive right to decide these issues in the quo warranto case. However, respondent contends that the judgment in the quo warranto case can only be ouster or non-ouster; that the issue in the injunction suit is the validity of the particular bond election; and that these bonds could be held unauthorized regardless of which way the quo warranto case is decided.

■ We do not think this is a proper case for prohibition. The City cites only abatement cases. O'Malley v. Lamb, 342 Mo. 171, 113 S. W. (2d) 810; Weisheyer v. Weisheyer (Mo. App.), 14 S. W. (2d) 486. "A plea in abatement for another action or suit pending had its origin in equity, is a dilatory plea of a technical nature, and challenges the right of the court to exercise an admitted jurisdiction." [1 C. J. S. 51, Sec. 17; Drake v. Kansas City Public Service Co., 226 Mo. App. 365, 41 S. W. (2d) 1066, 54 S. W. (2d) 427; See also State ex rel. United States Fire Ins. Co. v. Terte, 351 Mo. 1089, 176 S. W. (2d) 25, in which we refused to compel by mandamus the trial of the case commenced first.] Of course, prohibition does not lie to prevent the exercise of an admitted jurisdiction. This question of abatement should be raised by answer. [State ex rel. Dunn v. Cowan, 231 Mo. App. 717, 105 S. W. (2d) 1009.] It is a matter that is waived if not pleaded. [Drake v. Kansas City Public Service Co., supra.] Even under such a plea in abatement, it has been held that the pendency of the same cause of action and issues, in another action, is not involved in the case of a suit for an injunction and a quo warranto proceeding. [1 C. J. S. 67, Sec. 40; 1 C. J. 66, Sec. 80; 1 Am. Jur. 41, Sec. 36; State v. Schneider (Ohio), 134 N. E. 443; State v. Stickley (S. C.), 61 S. E. 211.] We have held improper the abatement of a specific performance case, for enforcement of a contract for mining a clay pit, which was on the ground that a previous injunction suit to prevent the adverse claimant from mining the clay involved the same issues. [Mexico Refractories Co. v. Pignet's Estate (Mo.), 161 S. W. (2d) 417.] We said that the essential relief sought in the second suit could not possibly have been granted in the first because "injunction will not lie as an original and independent suit to try title." We think the situation as between quo warranto and injunction is analagous. Quo warranto and not injunction is the proper action for testing the City's right to the disputed territory.

■ The City also contends that intervening in the quo warranto case by members of the same class bars the injunction suit because it

constituted a binding election of remedies. However, that is not a jurisdictional question either. An election of remedies is an affirmative defense. [28 C. J. S. 1100, Sec. 28; Bartlett v. McCallister, 316 Mo. 129, 289 S. W. 814, l. c. 820.] Therefore, it is a matter which the trial court may properly decide.

Our preliminary rule in prohibition is discharged. All concur except *Tipton, J.*, not sitting.