STATE of Missouri ex rel. INDUSTRIAL PROPERTIES, Inc., a corporation, and City of Creve Coeur, a municipal corporation, Relators,

v.

The Honorable Noah WEINSTEIN, Judge of Division 3 of the 13th Judicial Circuit of Missouri and of the Circuit Court of St. Louis County, Missouri, Respondent.

No. 29882.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1957.

Lewis, Rice, Tucker, Allen & Chubb, James A. Singer and J. L. Pierson, St. Louis, for Relator, Industrial Properties, Inc.

Robert W. Henry, St. Louis, for relator, City of Creve Coeur.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for respondent.

MATTHES, Judge.

In this original proceeding in prohibition relators, Industrial Properties, Inc., a corporation, and the City of Creve Coeur, a city of the fourth class, seek to prohibit respondent as Judge of Division 3 of the Circuit Court of St. Louis County, Missouri, from further action in cause No. 216795 instituted pursuant to an act of the 67th General Assembly, Laws 1953, pp. 309–310; section 71.015, Cumulative Supplement, 1953, R.S.Mo, V.A.M.S. (sometimes referred to herein as the Sawyer Act), until such time as causes Nos. 210578 and 215043, pending in Division 1 and Division 3, respectively, of said Circuit Court have been finally adjudicated. In cause No. 216795, the City of Olivette, a municipal corporation, is plaintiff, and Walter Graeler and Ruth Graeler, his wife, as representatives of a class of inhabitants of a certain unincorporated area are defendants.

In response to our preliminary rule in prohibition, respondent filed his return. From those facts well pleaded in relators' petition, which were admitted in respondent's return, and from the stipulation filed herein wherein the parties have agreed upon the pertinent facts, we are presented with this background to the instant proceeding.

On October 28, 1955, relator City of Creve Coeur, a city of the fourth class, filed an action in the Circuit Court of St. Louis County being cause No. 210578 against Homer R. Patterson, Jr., et al., seeking a declaratory judgment authorizing the annexation of a certain parcel of land which is the subject of the proceeding instituted by the City of Olivette, cause No. 216795. The Creve Coeur cause was tried in Division 1 of said Circuit Court resulting in a judgment in favor of the defend-

ants. Timely steps were taken by the City of Creve Coeur to bring the case to this court on appeal where it is now pending.

On September 27, 1956, the City of Overland, another municipality in St. Louis County, instituted cause No. 215043, seeking a declaratory judgment authorizing the annexation of a portion of the same land which is the subject of the Creve Coeur and Olivette actions. The Overland case is in Division 3 of the St. Louis Circuit Court with motions directed to the petition pending. This action affects all of the property of relator Industrial Properties, Inc.

The City of Olivette filed its petition in the Circuit Court on February 13, 1957, the object thereof being to procure a judgment authorizing Olivette to annex substantially the same unincorporated area sought to be annexed by Creve Coeur and Overland. In time the Olivette cause was assigned to Division 3 of said circuit and placed on the trial calendar of May 28, 1957. On that date relator Industrial Properties, Inc., was, on application, permitted to intervene as a defendant; however, relator City of Creve Coeur was denied the right to intervene as a party defendant. Following the court's denial of intervenor-defendant's motion to dismiss or in the alternative to stay proceedings, relators sought and obtained our preliminary writ of prohibition.

 The rule is well settled as to the general nature of a writ of prohibition. It is not a writ of right, but its issuance in a given case is addressed to the sound discretion of the Court. State ex rel. Taylor v. Nangle, Mo.Sup., 227 S.W.2d 655; State ex rel. Siegel v. Strother, Mo.Sup., 289 S.W.2d 73. And the chief purpose of the issuance of such a writ by this court is to confine a lower court within its jurisdiction; that is, to prevent it from acting without or in excess of rightful jurisdiction. State ex rel. Taylor v. Nangle, supra.

 It is also a well-recognized principle that in order for a court to possess jurisdiction to adjudicate, it must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case. Healer v. Kansas City Public Service Co., Mo.Sup., 251 S.W.2d 66, 70; State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52, 57; Clark v. Clark, Mo.App., 300 S.W.2d 851, 852. Relators do not challenge the jurisdiction of respondent to entertain and determine actions instituted by virtue of Section 71.015, supra, affecting unincorporated areas in St. Louis County, Mo. Nor do they contend that respondent is not possessed of jurisdiction of the particular subject matter or of the parties in the Olivette suit. In fact, no phase of the Olivette case comes under attack by relators. They predicate their contention that respondent is without jurisdiction *to proceed further* in cause No. 216795 (Olivette case) solely because of the existence of two wholly different declaratory judgment actions—the one instituted by the City of Creve Coeur and which was decided adversely to the city by the trial court, and the other initiated by the City of Overland in which the issues have not as yet been framed. It is said that because both of those cases were instituted prior to the Olivette action and encompass substantially the same land, that respondent is without jurisdiction to proceed to hear the Olivette case until both the Creve Coeur and Overland actions have been finally adjudicated. Thus it will be seen that relators are invoking and relying upon the doctrine of "prior jurisdiction." Cited and relied on by relators to support their position are State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271, 272; State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W. 2d 762; and State ex rel. Cainsville Reorganized School District No. 1 of Harrison County v. Tomes, Mo.App., 299 S.W.2d 892. The doctrine of prior jurisdiction was applied in these cases and was recognized as late as May, 1957, by the Kansas City Court of Appeals in Walker Reorganized School Dist., R–4 v. Flint, 303 S.W.2d 200, loc. cit. 206 where it is said: "It is

well-settled that where two public bodies each claim jurisdiction over the same territory by virtue of consolidation proceedings or by annexation proceedings, the one which takes the first valid step to accomplish the consolidation or annexation has the superior claim regardless of which one completes its proceedings first."

In those instances where the doctrine was applied the adversary public bodies (municipal corporations or school districts) had actually pursued to a finality the annexation or incorporation procedures, and one or both were attempting to exercise jurisdiction and control over the same area claimed by both bodies. Faced with this situation the court ruled that where two public bodies contending for the same area have completed all steps required by statute to acquire territory, the one which initiated the first valid step to accomplish the annexation or incorporation has exclusive jurisdiction in and over the disputed area even though that body was not the first to complete the proceeding. Obviously the instant case presents a situation so different that the prior jurisdiction doctrine cannot be controlling. For here none of the three competing municipalities has reached the point in their separate independent proceedings where either is attempting to, or has any right to exercise jurisdiction or control over the unincorporated area in dispute. These municipalities are now in the first stage of the annexation proceeding; that is, each is seeking a judicial declaration that it meets the statutory requirements established by the Sawyer Act as a condition precedent to annexation and is authorized to proceed to annex the territory in question.

■ Neither do we construe the Sawyer Act as meaning that the doctrine of prior jurisdiction may be invoked by one municipality which has embarked upon but not concluded annexation, to prevent another municipality, also proceeding in accordance with the Act, from continuing its efforts toward eventually annexing the area in question. For it will be seen that section 71.015 provides that whenever the governing body of any city has adopted a resolution to annex any unincorporated area, such city shall, before *proceeding as otherwise authorized by law* for annexing unincorporated areas, file an action in the circuit court praying for a declaratory judgment authorizing such annexation. The statute explicitly enumerates those matters which must be set out in the petition. We held in City of St. Ann v. Buschard, Mo.App., 299 S.W.2d 546, 552, that the direct effect of the Act is to place the burden on the city not only to file the appropriate petition, but to carry the burden of proving the elements which must be pleaded. Thus, whereas affected landowners were formerly required to assume the burden of instituting an appropriate action to have the annexing ordinance invalidated, the Sawyer Act has shifted the burden to the city to make the showing of reasonableness before embarking upon the actual annexation. Since it is obvious that a city cannot proceed with annexation of an unincorporated area as *otherwise authorized by law,* until it has been judicially determined that such city has the right to annex the area in question, it must follow that municipality A does not pre-empt the jurisdiction so as to exclude other actions being filed under the act with respect to the area sought to be annexed to the exclusion of municipalities B and C, simply because municipality A was the first to initiate action under the Sawyer Act.

■ Furthermore, it seems clear that relators are in reality basing their claim for prohibition upon failure of respondent to *stay or abate* proceedings in the Olivette action until the Creve Coeur and Overland cases have been finally litigated and fully determined. As this court said in State ex rel. Aetna Life Ins. Co. v. Knehans, Mo.App., 31 S.W.2d 226, 228: "There is no doubt about the general rule that the pendency of a prior action or suit *for the same cause of action, between the same parties,* in a court of competent juris-

diction, will abate a later action or suit, either in the same court, or in another court of the same jurisdiction." (Italics supplied.) This is on the theory that whenever a suit upon a cause of action is instituted in a court of the proper jurisdiction, the cause of action is at once segregated and set apart from the general class to which it belongs, and is thereby withdrawn from the jurisdiction of other courts of co-ordinate jurisdiction. In the same case it was held that prohibition is the proper and appropriate remedy to prohibit one court from entertaining a suit, the subject matter of which is in litigation in another court of concurrent and co-ordinate jurisdiction, and which has acquired jurisdiction both of the subject matter and the parties thereto. However, to successfully invoke the plea of a prior suit pending, it must appear that the prior action is between the same parties, and that the causes of action and the issues involved are substantially the same, " * * * it must be made to appear that the relief sought in both instances is in all material respects the same, *so that a judgment in the first suit would necessarily be res adjudicata in the second.*" (Italics supplied.) State ex rel. Aetna Life Ins. Co. v. Knehans, supra, 31 S.W.2d loc. cit. 229. For reasons that are apparent the rule cannot be applied to the case before us.

The case of State ex rel. Kansas City v. Harris, 357 Mo. 1166, 212 S.W.2d 733 bears more resemblance. There Kansas City sought to prohibit the respondent Judge from proceeding in an injunction suit brought for the purpose of declaring invalid a bond election and to enjoin the City from issuing or selling the bonds. The relator contended that respondent had no jurisdiction over the subject matter because the Supreme Court had previously taken jurisdiction over a quo warranto case, State ex inf. Taylor ex rel. Kansas City v. North Kansas City, supra. In discharging its preliminary rule, the court reiterated the principle that, " 'A plea in abatement for another action or suit pending had its origin in equity * * * and

challenges the right of the court to exercise an admitted jurisdiction,' " State ex rel. Kansas City v. Harris, supra, 212 S.W.2d loc. cit. 735, and stated further: "Of course, prohibition does not lie to prevent the exercise of an admitted jurisdiction. This question of abatement should be raised by answer." 212 S.W.2d loc cit. 735.

We have concluded that our preliminary rule in prohibition should be, and the same is hereby discharged.

RUDDY, P. J., and ANDERSON, J., concur.