Donald ERDMAN, Erman W. Taylor, Robert O'Rear, Ledru Kirchhoff, Robert Harris and Omar Lovercamp, constituting the Members of the School Board of Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, and Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, Petitioners-Respondents,

v.

Joe AUER, Leo Bauerle, Rufus Arni, Robert Bagnell, and Waldon Stuerke, Intervenors-Appellants.

No. 53760.

Supreme Court of Missouri, Division No. 1.

July 14, 1969.

Terence C. Porter, Columbia, for respondents.

Welliver, Porter & Cleaveland, Columbia, of Counsel.

Robert G. Russell, Warrensburg, for intervenors-appellants.

HIGGINS, Commissioner.

Action for pro forma decree that bonds of Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, could be validly issued. From the decree and judgment validating the bonds, intervening landowners and taxpayers have appealed and the amount of the bond issue, $650,000, is in dispute. Reorganized School Dist. No. R–8 of Lafayette Co. v. Robertson, Mo., 262 S.W.2d 847, 848 [1].

Respondents pleaded under Section 108.-310, V.A.M.S., and adduced evidence to show:

On January 29, 1963, qualified voters within a described area (formerly Santa Fe Reorganized School District R–VIII and Alma Reorganized School District R–1, both Lafayette County, Missouri, and Blackburn Reorganized School District R–VI, Saline County, Missouri) approved creation of respondent Reorganized School District No. R–10 of Lafayette and Saline Counties, with all powers granted by Chapter 162, V.A.M.S., to six-director high school districts and, on February 26, 1963,

six persons were elected to serve as directors of District R–10. The first meeting of directors was March 1, 1963, at which the board was formally organized.

Respondents Erdman, Taylor, O'Rear, Kirchhoff, Harris, and Lovercamp are the duly-elected members of the board of District R–10.

On October 17, 1966, the board held a special meeting for the purpose of considering a resolution authorizing and calling a special bond election for the purpose of raising funds to construct a junior-senior high school building for the district and for an addition to an elementary building at Waverly, Missouri. The resolution, Resolution No. 1, was unanimously adopted and provided:

"A resolution calling a special bond election In Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, for the purpose of submitting to the qualified voters of said school district a proposition to increase the indebtedness of said school district in the sum of $650,000.00 and to issue the negotiable coupon bonds of said district therefor for the purpose of erecting, furnishing and equipping a new junior and senior high school building to be located in the north half of section one (1), township fifty (50), range twenty-four (24), in Lafayette County, Missouri and to erect and equip an addition to the elementary school building located in Waverly, Missouri, in said district.

"WHEREAS, This Board of Education finds and determines that it is necessary and for the best interest of Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, to erect, furnish and equip a new junior and senior high school building, to be located on a tract in the North half of Section One (1), Township Fifty (50), Range Twenty-Four (24) in Lafayette County, Missouri, and an addition to the elementary school building located in Waverly, Missouri, in said district,

and that such proposal should be submitted at a special bond election to be held in said district on the 22nd day of November, 1966;

"WHEREAS, This Board finds and determines that the sum of $650,000.00 will be necessary and required to provide funds for the above mentioned purpose; and

"WHEREAS, there are not sufficient funds in the treasury of said School District to provide for the same; and

"WHEREAS, Under the Constitution and Statutes of the State of Missouri, the funds required for such purpose may be obtained through the issuance of bonds of said district provided the proposition to issue such bonds is assented to by two-thirds of the qualified voters of said district voting at an election held for that purpose, and provided the amount of indebtedness so incurred, together with all other indebtedness of said district, does not exceed ten per cent (10%) of the assessed valuation of the taxable property in said district as ascertained by the last completed assessment for state and county purposes; and

"WHEREAS, The assessed valuation of the taxable property in said district as ascertained thereby is more than sufficient to permit the issuance of said bonds in the above stated amount; and

"WHEREAS, It is the opinion of this Board that bonds of said district should be issued at this time in the amount of $650,-000.00 for the above stated purpose,

"NOW, THEREFORE, BE IT RESOLVED by the Board of Education of Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, that the following proposition shall be submitted to the qualified voters of said district at a special bond election to be held therein on the 22nd day of November, 1966.

" 'Proposition to authorize the incurring of indebtedness by Reorganized School District No. R–10 of Lafayette and Saline Counties, Missouri, in the sum of $650,000.00 and the issuance of bonds of said district in said amount to evidence

said indebtedness, for the purpose of erecting, furnishing and equipping a new junior and senior high school building to be located on a tract in the North half of Section One (1), Township Fifty (50), Range Twenty-four (24) in Lafayette County, Missouri, and to erect and equip an addition to the elementary school building located at Waverly, Missouri, in said district.'

"BE IT FURTHER RESOLVED that all qualified voters of said District shall be entitled to vote upon said proposition, and that the polls shall remain open from 6:00 a. m. to 7:00 p. m. on said date;

"BE IT FURTHER RESOLVED that said election shall be held at the following polling places in said district, to-wit:

"Alma City Hall, Alma, Missouri

"Former Elementary School Building, Blackburn, Missouri

"Waverly Legion Hall, Waverly, Missouri

"Santa Fe High School, Grand Pass, Missouri

"BE IT FURTHER RESOLVED that the qualified voters at said bond election shall vote by ballot and that said ballots shall be substantially in the following form:

"OFFICIAL BOND BALLOT FOR SPECIAL BOND ELECTION IN REORGANIZED SCHOOL DISTRICT NO. R–10 OF LAFAYETTE AND SALINE COUNTIES, MISSOURI ON NOVEMBER 22nd, 1966

"Instructions to voters:

To cast a ballot in favor of the proposition submitted upon this ballot, place a cross (X) mark in the square opposite the word 'Yes'; to vote against the proposition submitted upon this ballot, place a cross (X) mark in the square opposite the word 'No'.

"Shall the following be adopted:

Proposition to authorize the incurring of indebtedness by Reorganized School Dis-

trict No. R–10 of Lafayette and Saline Counties, Missouri, in the sum of $650,000.00 and the issuance of bonds of said district in said amount to evidence said indebtedness, for the purpose of erecting, furnishing and equipping a new junior and senior high school building to be located on a tract in the North half of Section One (1), Township Fifty (50), Range Twenty-four (24) in Lafayette County, Missouri, and to erect and equip an addition to the elementary school building located at Waverly, Missouri, in said district.

YES ☐
NO ☐

"BE IT FURTHER RESOLVED that the Secretary of said district be, and he hereby is authorized and instructed to provide ballots, tally sheets and other supplies necessary for conducting said special bond election;

"BE IT FURTHER RESOLVED that that Secretary be, and he hereby is, authorized and directed to give notices of said special bond election as provided by law;

"BE IT FURTHER RESOLVED that said special bond election shall be conducted and the return made and the result thereof declared as provided by law."

The special bond election was held pursuant to posted and published notices November 22, 1966, and, on November 23, 1966, a special meeting of the board was held for the purpose of declaring the results of the election. Five members of the board were present and they adopted unanimously a resolution declaring that more than two thirds of the qualified voters of the district voting at the election voted in favor of incurring the $650,000 indebtedness described in the proposition. On the date of the election this indebtedness, together with all other indebtedness of the district, did not exceed 10 percent of the assessed valuation of the district.

On March 8, 1967, a regular meeting of the board was held for the purpose of considering a resolution authorizing issuance of the $650,000 bonds which was unanimously adopted. Bids for the sale of the bonds were sought from interested financial institutions, the best bid and firm offer being that of Commerce Trust Company, subject only to approval of its bond counsel as to form, validity and legality.

On April 12, 1967, the date set for closing the bond sale, a petition under Section 162.221, V.A.M.S., for consolidation of District R–10 with District C–1 of Lafayette County (Higginsville) was filed with the Lafayette County Superintendent of Schools. This petition was identical to a petition previously filed with the county superintendent December 31, 1966. On May 2, 1967, a petition under Section 162.431, V.A.M.S., for change of boundary of District R–10 and District R–8 of Saline County (Sweet Springs) was filed with the Board of Education of each affected district.

Upon presentation of the April 12, 1967, petition for consolidation, bond counsel for the bond buyer rendered an opinion that the bonds no longer were salable because the petitions for consolidation and boundary changes constituted pending litigation and raised the question of *de facto* existence of District R–10 and its authority to issue these bonds. Pursuant to the opinion, the buyer withdrew its offer to purchase the bonds until such time as a proper court might validate the proceedings and bond issue, which led to the filing of this action September 15, 1967, seeking a pro forma decree validating the $650,000 of District R–10 bonds voted at the election for that purpose November 22, 1966.

Statutory notice was given that the petition for pro forma decree would be presented to the Circuit Court of Lafayette County September 15, 1967. On that date, appellants filed an intervening petition pursuant to Section 108.320, V.A.M.S., seeking time to file an amended petition to intervene and stating their desire to oppose the petition for pro forma decree and to contest validity of the bonds.

On November 1, 1967, intervenors-appellants filed, and the court overruled, a motion to dismiss on the ground of prior action pending seeking the same relief with the same parties. On the same date intervenors-appellants filed a motion to stay proceedings until October 15, 1969, on the ground Senate Bill 166 of the 1967 General Assembly prohibits any further proceedings affecting the district. This motion was taken with the case and intervenors-appellants filed their intervening petition and answer denying the allegations of the petition for pro forma decree and stating that the pending petitions for consolidation and boundary changes and the bond election proceedings rendered the bond issue void and illegal.

The action was tried to the court November 1, 1967. The court overruled the motion to stay and found for respondents on all issues raised by the pleadings, and ordered, adjudged, and decreed that the bonds are a valid and binding obligation of District R–10 and that, upon issuance, shall not be subject to question by any other court and the bondholders shall be conclusively holders in due course for value and without notice of defect or infirmity.

Appellants contend the court should have dismissed this action for the reason that at the time of the filing of respondents' petition and at the time of trial, there was another action pending in the Circuit Court of Lafayette County, Missouri, between the same parties concerning the same subject matter and seeking the same relief.

"There is no doubt about the general rule that the pendency of a prior action or suit for the same cause of action, between the same parties, in a court of competent jurisdiction, will abate a later action or suit, either in the same court, or in another court of the same jurisdiction." State ex rel. Aetna Life Ins. Co. v. Knehans, Mo.App., 31 S.W.2d 226, 228 [1]; State ex rel. Industrial Properties, Inc. v. Weinstein, Mo. App., 306 S.W.2d 634, 638 [7]; Doebbeling v. Quimby, 221 Mo.App. 1178, 299 S.W. 629, 632 [5]; Civil Rule 55.31(a) (8), V.A.M.R.

Appellants concede the appeal transcript "does not include a copy of the petition for declaratory judgment filed by respondents prior to the filing of the petition for pro forma decree," and there is no record of the parties to that suit. They would support their position only by a statement of counsel made at the outset of trial which they contend admits their point. The statement was: "Actually, I don't think it (the prior suit) has any—once this one is heard, I think the issues will be moot as far as the 9495 case, when 9581 (this case) is heard, would be my judgment, but for the moment, since it isn't at issue, I would prefer not to dismiss it although I'll be frank to admit to the Court and counsel for the defendants, or intervenors, that the issues that we are raising are exactly the same in both cases and I think if we proceed to take up 9581 we will dispose of the other one, and in all likelihood I will dismiss it when heard at the Trial-Court level, and I would point out I think that as soon as this case is heard, 9581, that probably a Motion To Dismiss the other one would be in order on the theory that the questions have been adjudicated in the other one." Thus, from all the record on this point, it can be said that the prior action was a declaratory judgment action (presumably under the Declaratory Judgment Act, Chapter 527, V.A.M.S.), and that this action is under a special statute, Section 108.310, having for its specific purpose, authorization and consideration of a petition for pro forma decree authorizing issuance and declaring validity of school bonds. Without the petition in the former action, it cannot be said that the two actions are identical; on this record it cannot be said that the same parties are involved in each action, and the former is not at issue. Appellants' plea is one in "abatement," having its origin in equity, is a dilatory plea of a technical nature, and challenges the right of a court to exercise admitted jurisdiction, State ex rel. Kansas City v. Harris, 357 Mo. 1166, 212 S.W.2d 733, 735 [2]; and the record filed by appellants does not show how they are entitled to the benefits of the general rule and the plea.

Appellants contend their "Motion to Stay" should have been sustained for the reason that Senate Bill 166, Laws of Missouri 1967, was in full force and effect and stayed "all proceedings of this type" until October 15, 1969.

■ Senate Bill 166 established a reorganization commission to develop a master plan for school district reorganization over the entire state so as to promote efficiency in school administration and improve educational opportunities. Appellants argue that Sections 6 and 7 of the Act are "plain and clear" on legislative intent to stay "proceedings for the passage or approval of bonded indebtedness for any six-director school district, and hence, stayed the proceedings in this action seeking a pro forma decree." Examination of Sections 6 and 7 of the Act reveals the lack of merit in appellants' contention. Section 6 is styled "Moratorium on school district reorganization" and provides that "all proceedings * * * to organize new districts pursuant to * * * sections 162.211 and 162.221, RSMo Supp.1965, shall cease, and each district shall retain the organization and boundaries that it has at the time this act takes effect, and no further action shall be taken pursuant to such sections until * * * after October 15, 1969." Section 7 is the emergency clause and it recites that "there is an immediate need to halt the multiplicity of proceedings * * * in school district organization * * * and to prevent the undesirable rearrangement of school districts * * *." It is seen that none of this language pertains to bond issues, and that it applies only to organization and reorganization of school districts. Respondents seek only to issue bonds to provide school facilities for the children of District R–10; and the appellants are the parties who would seek reorganization, consolidation, annexation, or boundary changes, the things the act would seem to stay.

During trial appellants made an offer to prove that certain absentee ballots cast in favor of the bond issue were invalid; that certain voters were not qualified voters of the district; and that if these votes were not counted for the issue, the proposition would have failed to receive its necessary two-thirds' majority. This offer was refused on the ground that the proffered evidence was an attempt at an election contest.

Appellants contend that the court erred in refusing this offer of proof. They argue (admittedly wihout citation of authority) that Section 108.330, V.A.M.S., which described the type of hearing to be accorded a petition for these purposes by providing that the court "shall carefully investigate the record concerning such bond issue, together with all evidence and proofs submitted at such hearing * * *," required the receipt of the proffered evidence.

Appellants' intervening petition stated that they "desire to contest the validity of the issuance of bonds purportedly approved on November 22, 1966, and desire to present pleadings and evidence in support of their opposition to the validity of the bonds." In their answer appellants denied respondents' allegation that the election resulted in "more than two-thirds of the qualified voters * * * voting * * * voted in favor" of the proposition, and they alleged "that the proceedings for the issuance of said alleged bonds are void, illegal and of no effect * * *." These recitals show appellants' purpose to attempt an election contest in making their offer of proof and the offer itself is an election contest.

■ The answer to appellants' contention and argument is stated in Nichols v. Reorganized Sch. Dist. No. 1, Mo., 364 S.W.2d 9, an action to enjoin issuance of school bonds in which the purported approval of the bond issue at a special election was in controversy. "The courts of this state have no jurisdiction to entertain actions to contest the results of school elections because there is no common-law right to do so, no statutory authority exists, and § 26(g), Art. VI, of the 1945 Constitution

is not self-executing. Wann v. Reorganized School District No. 6, Mo., 293 S.W.2d 408, 411–412 [2, 3]; Eberle v. Plato Consolidated School District No. C–5, Mo., 313 S.W.2d 1, 2 [1]." 364 S.W.2d l.c. 13 [4].

As in that case, these appellants cite no authority for the contest sought by their intervening petition and answer, but cite Elliott v. Hogan, Mo.App., 315 S.W.2d 840, 844, for the proposition that procedures for casting absentee ballots are mandatory; however, "Absent a statute vesting the courts with jurisdiction, the duty of passing on the qualification of voters and the legality of their votes rests with the election officials, and the results of elections as declared by the supervising officials cannot be re-examined judicially." Nichols v. Reorganized Sch. Dist. No. 1, supra, 364 S.W.2d l.c. 13 [5].

Appellants contend the ballot form used at the bond election failed to follow Section 164.151, V.A.M.S., which provides that the ballot "shall contain a brief statement of the amount and purposes of the loan and the following:

☐ For the loan
☐ Against the loan

A cross mark (X) in the square before the words 'For the loan' shall be counted as a vote for the bonds, and a cross mark (X) before the words 'Against the loan' shall be counted as a vote against the bonds," and that it was confusing and misleading.

The ballot form used by District R–10 appears previously in the statement and the complaint it involves failure to use

☐ For the loan
☐ Against the loan
after stating the proposition and instructions and, instead, using

Yes ☐
No ☐

■ "Strict compliance with statutory provisions as to the method and manner of holding special elections involving the authorization of the issuance of school bonds is required * * *, but 'elections are not lightly set aside,'" Montgomery v. Reorganized School District No. 1, Mo., 339 S.W.2d 831, 837–838 [5], 90 A.L.R.2d 1201; and as a general rule an election will not be annulled even if certain technical provisions of the law regarding elections have not been strictly followed in the absence of fraud, Armantrout v. Bohon, 349 Mo. 667, 162 S.W.2d 867, 871 [9]; Butler v. Board of Education, Mo., 16 S.W.2d 44, 45 [6]. Certain requirements for holding school elections are mandatory in the sense that if they are not followed the election could be declared void, but when the infringement is one of form as opposed to substance and does not violate the purpose of the statute, the requirement is not mandatory in the sense the election will be declared void because of infringement of the requirement. State ex inf. Kamp ex rel. Rodgers v. Pretended Consolidated School Dist. No. 1, 359 Mo. 639, 223 S.W.2d 484, 490 [12]. Appellants make no suggestion of fraud; and, although a variation from statutory form, the ballot's variation was one of form rather than substance and it cannot be said to be misleading or confusing.

■ Finally, appellants contend the court erred in holding that the boundary change and consolidation petitions filed prior to issuance of the bonds did not affect the existence of the district or the district's authority to issue bonds as pending litigation. No authority is cited in support of this charge. Suffice to say that the petitions for boundary change and consolidation have not ripened into pending litigation in any court, and Sections 162.031, 162.041, 162.251, and 164.051 provide security for, and apportionment of, indebtedness in the event a school district, having bonded indebtedness, has its boundary changed, is annexed, becomes a new district, or lapses or disorganizes. See State ex rel. Consolidated School Dist. No. 8 of

Pemiscot County v. Smith, 343 Mo. 288, 121 S.W.2d 160, 162 [4, 5].

Judgment affirmed.

HOUSER, C., concurs.

WELBORN, C., not sitting.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.