**Jack and Belinda BRUNTON, Plaintiffs,**

v.

**FLOYD WITHERS, INC., Defendant.**

**Nos. 51603, 50929.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 12, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 24, 1986.

**824**

Leland C. Smith, Private Atty., St. Charles, for plaintiffs.

Gerald L. Birnbaum, Private Atty., O'Fallon, for defendants.

DOWD, Presiding Judge.

Plaintiffs Jack and Belinda Brunton [hereinafter plaintiffs] appeal from an order of the Circuit Court of St. Charles County dismissing their petition for damages resulting from the purchase of a defective automobile from defendant Floyd Withers, Inc. [hereinafter defendant]. Defendant appeals from the Circuit Court's order nunc pro tunc amending its previous order to state that the dismissal was without prejudice.

On August 29, 1984, plaintiffs filed an action, pro se, against defendant in the Associate Circuit Court of St. Charles County based on the sale of a 1978 Chevy C–10 truck which was later discovered to be equipped with a 1973–1974 car engine. A judgment was entered for plaintiffs for $1,000.00 plus court costs.

Thereafter, on October 12, 1984, defendant filed a request for a trial de novo and the case was transferred to the Circuit Court of St. Charles County. While this case was pending, plaintiffs filed a five count petition in the Circuit Court of St. Charles County based on the same occurrence that was the subject matter of the small claims action in the Associate Circuit Court.

In response, defendant filed a motion to dismiss the action with prejudice. On October 21, 1985, the court issued an order sustaining defendant's motion to dismiss. Thereafter, on December 2, 1985, plaintiffs filed the present appeal from the court's order dismissing their claim.

On March 25, 1986, plaintiffs filed an application for nunc pro tunc amendment of the court's order to state that the dismissal was without prejudice. The court held a hearing on March 26, to consider plaintiff's application to amend nunc pro tunc; defendant failed to appear. The court issued an order nunc pro tunc amending its order of October 21, 1985, to state that the dismissal was without prejudice. Defend-

ant's subsequent motion for a rehearing, on amendment of the order nunc pro tunc, was denied after a hearing. Defendant appeals from the court's nunc pro tunc amendment of the order.

■ We find the court's nunc pro tunc amendment of its order of dismissal, to specify that the dismissal was without prejudice, was improper as having no basis in the record. It follows that the order issued on October 21, 1985, sustaining defendant's motion to dismiss, will be the order considered for purposes of this appeal. As to that order, we find the court erred as a matter of law in dismissing the action with prejudice. Pendency of a prior action operates only as a stay, and not a bar to prosecution of the later action.

We first address the court's nunc pro tunc amendment of its order of dismissal to specify that the dismissal was without prejudice. Briefly, defendant's motion to dismiss with prejudice alleged the pendency of the appeal from the small claims action, which raised the same issues and involved the same parties, was res judicata. The court's initial order of October 21, 1985, provided as follows: "Defendant's motion to dismiss previously heard, submitted and taken under advisement on October 4, 1985, and now being duly considered is ordered sustained."

■ The involuntary dismissal was not for one of the stated exceptions enumerated in Rule 67.03.[1] Nor did the court's order specify that the dismissal was without prejudice. According to Rule 67.03, it is then deemed to be a dismissal with prejudice.

Defendant contends that the court erred in amending its initial order because an order nunc pro tunc may not be used to correct a clerical error unless the judgment actually rendered is supported by a writing

1. Rule 67.03 provides in part: "[A]ny involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a

decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

in the record.[2] The court's order nunc pro tunc reads as follows:

> Plaintiff's application for amendment of order nunc pro tunc is called. Plaintiffs appear by counsel Leland C. Smith II. Defendant nor counsel appear though duly served with application, notice and order shortening time for notice.
>
> Application is heard and submitted and order granted.
>
> The court finds the following:
>
> 1) That pursuant to defendant's motion to dismiss, as there was not a final judgment in the pending small claims appeal, Cause No. 84–70 SCX, that the pending action was not res judicata and that upon sustaining defendant's motion to dismiss for the reason that Cause No. 84–70 SCX was pending, said dismissal was and should be without prejudice.
>
> 2) That after sustaining defendant's motion to dismiss on the 21st day of October 1985, the court directed the clerk to prepare the order in accordance with the court's ruling.
>
> 3) That the court's order as prepared by the Clerk of the Circuit Court failed to order that the cause be dismissed and failed to state that such dismissal was without prejudice.
>
> 4) That the failure to complete the court's order was an error in transcription of the court's order and thus subject to amendment by order nunc pro tunc.
>
> It is therefore the order of this court that the court's order of October 21, 1985, be and is hereby amended nunc pro tunc to read as follows:
>
> "Defendant's motion to dismiss previously heard, submitted and taken under advisement on October 4, 1985, and now duly considered is ordered sustained.

Cause is ordered dismissed without prejudice at plaintiffs' costs."

▆▆▆▆ An entry of judgment may be corrected to remedy a clerical error or mistake which resulted in an entry that did not actually reflect the judgment rendered. The entry correcting a clerical error cannot be made, however, unless supported by some writing in the record which shows the judgment as actually rendered.[3] *Johnson v. Johnson*, 654 S.W.2d 212, 213[1] (Mo. App.1983); *Leventhal v. Leventhal*, 629 S.W.2d 505, 507–508[4] (Mo.App.1981).

▆▆▆▆ If the error is attributable to the exercise of judicial consideration or discretion, it may not be corrected by nunc pro tunc proceedings. It is not proper to amend an order nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do. *In Re Marriage of Royall*, 569 S.W.2d 369, 371[6] (Mo.App.1978).

▆▆▆▆ The purpose of the nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis in the record for the amendment, *In Re Marriage of Royall, supra,* at 371[8]. In case of doubt, the court may look to the entire record including pleadings and process, to ascertain the judgment actually rendered as contrasted with the judgment entered. *Fields v. Fields*, 584 S.W.2d 163, 165[3] (Mo.App.1979). An order nunc pro tunc cannot be based upon the judge's recollection of what took place or upon parol evidence. *Aronberg v. Aronberg*, 316 S.W.2d 675, 682[8] (Mo.App.1958).

▆▆▆▆ We have carefully reviewed the record, including the motions filed and cler-

---

**2.** Defendant also challenges the court's jurisdiction to amend the order nunc pro tunc because at the time of plaintiff's motion for amendment nunc pro tunc the appeal was pending before this court. Even though a trial court loses jurisdiction when an appeal is taken, it does not lose jurisdiction of its records. *Cox Standard Station v. Taylor*, 682 S.W.2d 193, 195[4] (Mo.App. 1984).

**3.** In ruling on a motion nunc pro tunc, there is a presumption that the judgment entered is the judgment actually rendered by the court and the burden is on the movant to show by competent evidence that a different judgment was in fact rendered. *In Re Marriage of Royall*, 569 S.W.2d 369, 370[1] (Mo.App.1978).

ical entries. Neither plaintiffs' motion to amend the order nunc pro tunc nor the court's order allege or refer to any writing or notation relied upon to support the nunc pro tunc amendment herein. Since the burden is on the party seeking correction to establish the true nature of the judgment rendered, absence of such basis in the record to support the corrective entry prevents us from according recognition to it. *See Fields v. Fields, supra,* at 165[5]. Accordingly, the order issued on October 21, 1985, granting defendant's motion to dismiss, will be the order considered for purposes of this appeal.

We next address plaintiffs' appeal from the court's October 21, 1985, order dismissing their petition. In their first point, plaintiffs contend that the court erred in dismissing their petition with prejudice because a dismissal is in the nature of an abatement which cannot be raised by motion, but must be plead in the answer to the petition. They cite *State v. Cowan,* 231 Mo.App. 717, 105 S.W.2d 1009 (1937) and *State ex rel. Kansas City v. Harris,* 357 Mo. 1166, 212 S.W.2d 733 (banc 1948) as authority for their position.

■ We disagree. Rule 55.27(a)(10) provides that at the option of the pleader the defense that there is another action pending between the same parties for the same cause in this state may be made by motion. Rule 55.27 (a)(10). Accordingly, we find plaintiffs' point to be without merit.

Plaintiffs' second point is not a model of clarity. We take this point to contend that the court erred in not dismissing their claim without prejudice because the pendency of another action between the same parties for the same cause should not be a permanent bar to reassertion of their claim because there was no final judgment in the small claims action.

■ As discussed, *supra* page 825, the court's order of October 21, 1985, did not specify that the dismissal was without prejudice. Furthermore, the dismissal was not for one of the stated exceptions in Rule

67.03 to a dismissal with prejudice. Rule 67.03 provides as follows:

> A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

A dismissal with prejudice under Rule 67.03 is a mechanism for terminating litigation rather than an adjudication on the merits or issues in the case. *Denny v. Mathieu,* 452 S.W.2d 114, 118 [3] (Mo. banc 1970); *Richey v. Meter Investment, Inc.,* 680 S.W.2d 381, 383 [3] (Mo.App.1984).

■ The accepted rule, regarding dismissal based on pendency of a prior action is as follows:

> [T]he pendency of a prior action cannot be set up as a "bar" to a later action between the same parties for the same cause, but may be pleaded only as a ground for abatement of the later action, the pendency of the prior action, when seasonably pleaded, operating as a stay, and not a bar to the prosecution of the later action, unless it is alleged and found that the prior action has proceeded to judgment.

1 C.J.S. Abatement and Revival, § 16 p. 50. *See also,* 1 Am.Jur.2d Abatement, Survival and Revival, § 2, pp. 42–43. We find that the court erred as a matter of law in failing to dismiss without prejudice since the prior action was still pending at the time of the dismissal. We therefore amend the court's order of October 21, 1985, to read as follows: "Defendant's Motion to Dismiss previously heard, submitted and taken under advisement on October 4, 1985, and now duly considered is ordered sustained.

Cause is ordered dismissed without prejudice at Plaintiffs' costs."  Rule 84.14.

Reversed in part;  affirmed in part as amended.

REINHARD and PUDLOWSKI, JJ., concur.